08-2988-cv
Rosendale v. Mahoney and The Millbrook Central School District

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of March, two thousand ten.

PRESENT: DENNIS JACOBS,
        <u>Chief Judge</u>,
    GERARD E. LYNCH,
        <u>Circuit Judge</u>,
    JANE A. RESTANI,[*]
        <u>Judge</u>.

- - - - - - - - - - - - - - - - - - - -X
DONALD P. ROSENDALE,

    <u>Plaintiff-Appellee</u>,

    -v.-                    08-2988-cv

W. MICHAEL MAHONEY, individually and as superintendent of the Millbrook, N.Y. School District, and THE MILLBROOK CENTRAL SCHOOL DISTRICT,

    <u>Defendants-Appellants</u>.
- - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

**APPEARING FOR APPELLANTS:**     Mark C. Rushfield, Shaw, Perelson, May & Lambert, LLP, Poughkeepsie, NY.

**APPEARING FOR APPELLEE:**     Donald P. Rosendale, pro se, Amenia, NY.


Appeal from an interlocutory order of the United States District Court for the Southern District of New York (Brieant, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **REVERSED** and **REMANDED**.

Defendant-appellant W. Michael Mahoney appeals from an interlocutory order of the United States District Court for the Southern District of New York (Brieant, J.) denying his motion for summary judgment on the ground of qualified immunity.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We have jurisdiction pursuant to the collateral order doctrine because Mahoney "contends that on stipulated facts, or on the facts that the plaintiff alleges are true, or on the facts favorable to the plaintiff that the trial judge concluded the jury might find, the immunity defense is established as a matter of law because those facts show . . . that it was objectively reasonable for him to believe that his action did not violate clearly established law."  Salim v. Proulx, 93 F.3d 86, 90-91 (2d Cir. 1996).  We lack jurisdiction to "entertain an interlocutory appeal" contending that the district court "committed an error of law in ruling that [Rosendale's] evidence was suffcient to create a jury issue on the facts relevant to [Mahoney's] immunity defense."  Id. at 91.  We therefore do not decide whether there are genuine issues of material fact as to whether the letters and alleged oral assurances give rise to a contractual relationship between Rosendale and defendant-appellant Millbrook Central School District (the "School District"), which, in turn, might give rise to a protected property interest requiring notice and a hearing prior to Rosendale's removal from the call list for substitute

2

teachers.[**]

However, assuming arguendo that such evidence gives rise to a genuine issue of material fact regarding a protected property interest, we nevertheless conclude that Mahoney's actions in removing Rosendale's name from the call list of substitute teachers was objectively reasonable. Reasonable superintendents could disagree as to whether such removal required notice and a pre-removal hearing based on the then-current state of the law. See Salim, 93 F.3d at 91 ("The objective reasonableness test is met if officers of reasonable competence could disagree on the legality of the

[**] The Supreme Court has recognized that property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972). Magistrate Judge Smith recognized this principle and the district court adopted her Report and Recommendation as its decision. However, neither the Report and Recommendation nor the district court order addresses decisions of the New York State Commissioner of Education holding that form letters such as those received by Rosendale do "not constitute a binding employment contract." In the Matter of Bonnie L. Barkley, Decision No. 14,912, 2003 NY Educ. Dept. LEXIS 177, at *6 (N.Y. Educ. Dep't July 28, 2003); see also In the Matter of Barbara Martin, Decision No. 11,484, 25 Educ. Dep't Rep. 21, 22 (N.Y. Educ. Dep't July 12, 1985) ("The letter of Superintendent Thomas to petitioner dated August 29, 1984 notifying petitioner of her appointment as a regular substitute teacher and setting forth her salary for the 1984-85 school year did not create a definite term of employment . . . .").
On remand, the district court should evaluate whether, as a matter of law, such decisions indicate that Rosendale's letters cannot give rise to a protected property interest. On remand, the district court should further evaluate whether a genuine issue of material fact truly exists with respect to the alleged oral assurances in light of Rosendale's deposition testimony about the substance and timing of those assurances and the affidavits and deposition testimony of other individuals.

3

defendant's actions." (internal quotation marks omitted)). Accordingly, we reverse the district court's denial of summary judgment to Mahoney (in his personal capacity) on the ground of qualified immunity. See Almonte v. City of Long Beach, 478 F.3d 100, 109 (2d Cir. 2007) ("[A]n official is entitled to qualified immunity . . . if the official's actions were not objectively unreasonable in light of clearly established law.").

We decline to exercise pendent jurisdiction over Rosendale's procedural due process claim against Mahoney in his official capacity and against the School District. "Where we have jurisdiction over an interlocutory appeal of one ruling, we have the discretion to exercise pendent appellate jurisdiction over other district court rulings that are inextricably intertwined or necessary to ensure meaningful review of the first. We recognize, however, that pendent appellate jurisdiction should be exercised sparingly, if ever." See Bolmer v. Oliveira, 594 F.3d 134, 141 (2d Cir. 2010) (internal quotation marks and citations omitted). Our objective reasonableness ruling does not require us to decide (i) whether Rosendale's letters and alleged oral assurances give rise to a contractual relationship which, in turn, gives rise to a protected property interest requiring notice and a hearing prior to Rosendale's removal from the call list for substitute teachers; (ii) whether any such right to procedural due process was clearly established; or (iii) whether Mahoney acted independently, with the authority of the School District or the State, or with the apparent authority of the School District or the State. Accordingly, the objective reasonableness analysis does not warrant the exercise of appellate pendent jurisdiction over the remaining claim in this action.

Finding no merit in Mahoney's remaining arguments, we **REVERSE** the judgment of the district court and **REMAND** for further proceedings consistent with this order.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK


4